UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br>RICHARD TURNER,<br><br>                      Defendant. | Case No. 3:16-cr-00003-MMD-WGC<br><br>ORDER |

## I. SUMMARY

The Ninth Circuit Court of Appeals found that NRS § 453.321 is not categorically a controlled substance offense and reversed and remanded for this Court to determine "whether NRS § 453.321 is divisible and, if necessary, to apply the modified categorical approach." (ECR No. 41 at 3.) Having reviewed the parties' supplemental briefs (ECF Nos. 46, 47), the Court determines that Defendant's prior drug offense does not constitute a controlled substance offense under United States Sentencing Guidelines § 2K2.1 ("Firearm Guideline").

## II. BACKGROUND

Defendant Richard Turner pled guilty to a single count of unlawful possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on January 1, 2017. (ECF No. 46 at 2; ECF No. 39 at 18.) Defendant's criminal history contains one prior drug offense, a violation of NRS § 453.321. (ECF No. 46 at 2.) NRS § 453.321 makes it unlawful for a person to:

    (a) Import, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance;
    (b) Manufacture or compound a counterfeit substance; or
    (c) Offer or attempt to do any act set forth in paragraph (a) or (b).

The parties disputed the appropriate base offense level at Defendant's first sentencing. (ECF No. 46 at 2.) The government sought a base offense level of 20 under the Firearm Guideline based on Defendant's prior drug offense. (*Id.*) The Firearm Guideline prescribes a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." USSG § 2K2.1. Defendant objected and sought a base level of 14, arguing the prior drug offense did not constitute a controlled substance offense as defined by the USSG ("Guidelines Controlled Substance Offense"). (ECF No. 46 at 2.)

This Court found the base offense level to be 20, determining that Defendant's prior drug offense was a categorical match for a Guidelines Controlled Substance Offense. (*Id.*)

Defendant appealed his sentence, and the Ninth Circuit held that "NRS § 453.321 is overbroad and is not categorically a controlled substance offense." (ECF No. 41 at 3.) The Ninth Circuit remanded the case to this Court to determine "whether NRS § 453.321 is divisible and, if necessary, to apply the modified categorical approach." (*Id.*)

### III. DISCUSSION

#### A. Legal Framework

Courts typically apply the three-step process set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and further explained in *Mathis v. United States,* 136 S. Ct. 2243 (2016), to determine whether a prior conviction qualifies for a sentence enhancement. In this case, the Court need not consider the first step—whether Defendant's prior drug offense categorically constitutes a Guidelines Controlled Substance Offense—because the Ninth Circuit determined on appeal that it does not. (ECF No. 41 at 3.)

The Court thus begins its analysis at step two—whether the statute of conviction is divisible or indivisible. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015) (citing *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014)). A statute is divisible "[w]hen [it] lists elements in the alternative, and thereby define[s] multiple crimes." *Mathis*,

136 S. Ct. at 2249; *see also id.* at 2256. A statute is indivisible when it sets out merely alternative means of satisfying one (or more) of its elements. *Id.* at 2248. A finding that the statute of conviction is indivisible concludes the inquiry, as "a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." *Medina-Lara*, 771 F.3d at 1112 (citing *Descamps*, 133 S. Ct. at 2286).

If the statute of conviction is divisible, then the court turns to step three—the modified categorical approach—where the sentencing court determines which of the alternative elements listed under the statute was integral to defendant's conviction. *Mathis,* 136 S. Ct. at 2249.

**B.     Analysis**

The relevant provision[1] of NRS § 453.321 makes it unlawful to "[i]mport, transport, sell, exchange, barter, supply, prescribe, dispense, give away or administer a controlled or counterfeit substance." NRS § 453.321(1)(a). The provision thus contains two components. The first is an enumerated list of actions: "[i]mport, transport, sell," etc. The second is the object of those actions—"a controlled or counterfeit substance."

The government focuses primarily on the divisibility of the second component, specifically the term "controlled substance." (*See, e.g.*, ECF No. 47 at 6.) But the Court must consider the divisibility of the first component—the enumerated list of actions—regardless of the second component's divisibility. If the "controlled substance" component were divisible, NRS § 453.321 would define multiple alternative offenses based on the identity of the controlled substance at issue. Each of those offenses, however, would be subject to the statute's enumerated list of actions, rendering the divisibility of "controlled substance" irrelevant. If the statute's enumerated list of actions exceeds the range of conduct that constitutes a Guidelines Controlled Substance Offense, then the Court would

///

---

[1]While neither party suggests that subsection (a), (b), and (c) constitute separate offenses, such a finding would not end the Court's divisibility analysis. *See Diego v. Sessions*, 857 F.3d 1005, 1012 (9th Cir. 2017) (considering the divisibility of a subsection of a divisible statute).

3

determine whether the enumerated list of actions is divisible and, if so, apply the modified categorical approach.

Here, Defendant argues that the enumerated list of actions in NRS § 453.321(1)(a) exceeds the range of conduct that constitutes a Guidelines Controlled Substance Offense because NRS § 453.321 criminalizes the transportation of a controlled substance, regardless of intent. (*See* ECF No. 47 at 8.) As a result, NRS § 453.321 criminalizes transportation of a controlled substance even for personal use, Defendant contends. (*Id.*) Guidelines Controlled Substance Offense, by contrast, requires "intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b); *see also United States v. Lee*, 704 F.3d 785, 789 (9th Cir. 2012) ("The government concedes that § 11352(a) encompasses a broader range of conduct than the guidelines definition because § 11352(a), for instance, criminalizes the transportation of a controlled substance, which would not be a controlled substance offense.").

The government confronts this issue by offering two points. First, the government argues that the Court can infer that NRS § 453.321 contains an implicit "intent to distribute" requirement based on the character of the other actions the statute enumerates (e.g., sell, exchange, barter). (*See* ECF No. 47 at 3.) In support of this position, the government cites to an unpublished, three-paragraph Ninth Circuit decision, *United States v. Miles*, 266 F. App'x 534 (9th Cir. 2008). In that case, the court held that an individual's convictions under Ohio Rev. Code Ann. § 2925.03(A)(2) "qualified categorically as controlled substance offenses under the Guidelines" because the statute required actual or constructive knowledge "that the controlled substances were intended for sale." *Id.* at 536. However, the Ohio statute at issue expressly made it unlawful to transport a controlled substance "when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale." Ohio Rev. Code Ann. § 2925.03(A)(2). The court did not infer an intent element from other words in the statute, and the case is thus inapt. Second, the government insists that NRS § 453.321 contains an implicit "intent to distribute" requirement based on dicta in Nevada Supreme Court

4

decisions characterizing NRS § 453.321 as a "sale" statute as opposed to a "possession" statute. (ECF No. 47 at 3-4 (citing *Adam v. State*, 261 P.3d 1063, 1066 (Nev. 2011); *Washington v.* State, 30 P.3d 1134, 1138 (Nev. 2001), *as amended* (Nov. 14, 2001)).) These cases do not demonstrate that NRS § 453.321 contains an implicit "intent to distribute" requirement. Accordingly, NRS § 453.321 criminalizes a broader range of conduct than a Guideline Controlled Substance Offense because it criminalizes transportation of controlled substances regardless of intent.

Turning to divisibility, Defendant argues that NRS § 453.321 is indivisible because the enumerated list of actions comprises "merely means on which 'jurors need not agree.'" (ECF No. 46 at 13 (quoting *Villavicencio v. Sessions*, 879 F.3d 941, 947 (9th Cir. 2018)).[2]) In *Villavicencio*, the court held that a similar statute to NRS § 453.321 was indivisible. 879 F.3d at 948. The statute, NRS § 454.351, states:

> Any person within this State who possesses, procures, obtains, processes, produces, derives, manufactures, sells, offers for sale, gives away or otherwise furnishes any drug which may not be lawfully introduced into interstate commerce under the Federal Food, Drug and Cosmetic Act is guilty of a misdemeanor.

The court reasoned that NRS § 454.351 was indivisible because, "[a]lthough the Nevada statute lists multiple means of violation, *i.e.*, possessing, procuring, or manufacturing . . . the jurors need not agree on the means of violation." *Villavicencio*, 879 F.3d at 947-48.

The construction of NRS § 453.321 is substantially similar to the construction of NRS § 454.351 because both statutes make it unlawful to engage in an enumerated list of drug-related actions. In the same way that NRS § 454.351 makes it unlawful to "possess[], procure[], obtain[] . . . or otherwise furnish[] any drug . . . into interstate commerce," NRS § 453.321 makes it unlawful to "[i]mport, transport, sell . . . or administer a controlled or counterfeit substance." If jurors need not agree on the means of violation

///

---

[2]*Villavicencio* was issued on January 5, 2018. The parties filed simultaneous briefs, and Defendant relies extensively on *Villavicencio* to argue that the statute at issue here is indivisible.

5

of NRS § 454.351, as the Ninth Circuit held in *Villavicencio*, neither must they agree on the means of violation of NRS § 453.321. Accordingly, the Court finds that NRS § 453.321 is indivisible.

The government cites *Coronado v. Holder*, 759 F.3d 977, 984 (9th Cir. 2014), to show that a drug offense statute creating different offenses based on the identity of the drug is divisible. Even assuming *arguendo* that NRS § 453.321 creates different offenses based on the identity of the drug, *Coronado* is distinguishable. In *Coronado*, the divisibility of only one statutory component was at issue. The statute, Cal. Health & Safety Code § 11377(a), made it unlawful to possess any of five enumerated categories of drugs absent certain exceptions. *See Coronado*, 759 F.3d at 983. The statute did not criminalize any conduct besides possession. *See id.* Here, the divisibility of two statutory components are at issue: the enumerated list of actions and the object of those actions. Even if the second component is divisible, the Court still must evaluate the divisibility of the first. This kind of divisibility question was not before the court in *Coronado*.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Court's decision.

The Court therefore finds that Defendant's conviction under NRS § 453.321 does not constitute a Guidelines Controlled Substance Offense.

DATED THIS 9th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6